ZAYAS, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Foreclosure Sale.

No. 456—Decided February 27, 1920.

FORECLOSURE SALE—RECORD OF TITLE.—For recording a sale made by a marshal in a foreclosure proceeding it is sufficient to exhibit the order of the court for the sale and it is unnecessary to show the delivery of that order by the clerk to the marshal, for the order itself and not its delivery is what confers authority upon the marshal to make the sale. It is not necessary that the re-

port of the sale should show in detail the manner in which the notices of sale were published or posted.

ID.—ID.—INHERITANCE TAX.—In a foreclosure proceeding after the death of the mortgagor it is not necessary for the mortgagee to show that the inheritance taxes have been paid. A record in the names of the heirs is unnecessary for the sale.

The facts are stated in the opinion.

*Mr. A. Mena* for the appellant.

The respondent appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

The document refused registration in this case was a deed from a marshal by virtue of a sale under the executory process of the Mortgage Law. The note of the registrar follows:

"Record of the foregoing instrument, deed No. 476, executed before notary Andrés Mena Latorre, is denied after review of a certificate issued by E. Ramírez, Jr., clerk of the District Court of Humacao, attesting the order of execution made by the judge of said court, and of another certificate issued by said official accrediting the sale, both bearing date of November 8, instant; and a cautionary notice for a period of 120 days is entered in favor of José Antonio Zayas on the reverse side of page 199, volume 39 of Caguas, property No. 1866, note "E," for the following reasons: Because neither the deed nor the last supplementary instrument thereof above recited shows that the proper procedure was had for the collection of said mortgage credit, the sale by the marshal at public auction being therefore null and void: (*a*) Because it does not appear from said instruments, alone presented, whether or not the order of sale was issued to the marshal by the clerk of the District Court of Humacao for the execution of the judgment: (*b*) Because said judgment having been rendered on August 22, 1919, the sale was made by the marshal on September 15 of the said year, or 24 days later when the 30 days which said defendant was allowed for taking the appeal from the final judgment had not yet expired, the clerk being authorized to issue the order for the execution of the judgment only after the expiration of the said term: (*c*) Because the report of the sale did not show that notices of the sale were posted and published for the legal period describing the property and its proposed place of sale: and (*d*) Because no receipt showing the payment of inheritance taxes or any document showing exemption from such payment

has been filed, all the foregoing being in violation of sections 3 and 6 of the act relating to judgments and the satisfaction thereof of March 1905, of section 251 of the Code of Civil Procedure, section 379 of the Political Code and the repeated jurisprudence of the Supreme Court of Porto Rico on the subject, to wit: 10 P. R. R. 124; 13 P. R. R. 115; 21 P. R. R. 523; 23 P. R. R. 701; 23 P. R. R. 656; 27 P. R. R. May 19, case 399.''

With respect to the defect marked ''a'', it is sufficient to say, even without presumption of delivery of the order of sale by the clerk to the marshal, that the authority of the marshal to make the sale is justified by the order of the court. He sells by virtue of that order and not by virtue of its delivery to him by the clerk. The clerk certifies to the existence of the order.

With respect to the defect marked ''b'', the registrar has retired his objection.

With respect to the defect marked ''c'', it should be observed that the registrar says that the report of the sale (acta de subasta) does not show that notices were posted or published for the legal period describing the property and its proposed place of sale. The report of the sale is only to show the details of the sale as made and there is no provision of law known to us which makes it necessary for this report to contain the details mentioned by the registrar. The sale is only one of many acts necessary for the vesting of the title.

With respect to defect marked ''d'', we agree with the appellant that where a mortgagee wishes to foreclose a mortgage and the debtor has died, it is unnecessary for the executing creditor to show that inheritance taxes have been paid. The record in favor of the heirs is unnecessary for the sale. *Pasalacqua Hermanos & Co.* v. *The Registrar*, 6 P. R. R. 41. The tax is only imposed on the net proceeds of the inheritance.

We are at a loss to understand why the registrar could

not have cleared up all these defects by a consultation with the appellant and especially those marked "*a*," "*b*" and "*d*."

The note must be reversed and the record made.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.